UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT NOBLE and KELLY NOBLE,

    Plaintiffs,

v.                                   Case No. 2:20-cv-703-JLB-NPM

FEDERAL INSURANCE COMPANY,

    Defendant.

## ORDER

Before the Court is a motion to compel (Doc. 20), to which a response in opposition (Doc. 23) was filed. Defendant Federal Insurance Company ("Federal") claims to have made repeated attempts to obtain relevant documents from Plaintiffs Scott and Kelly Noble and argues they have refused to adequately search for them. (Doc. 20, p. 1). While the Nobles have not objected to the discovery requests and claim to have searched for documents, the evidence presented shows otherwise. (Doc. 20, ¶ 10). Alternatively, the Nobles claim the documents were requested informally and are not responsive to any formal request for production and, therefore, not subject to production. (Doc. 23, p. 2). This argument lacks merit.

This is a breach-of-contract action for recovery under an insurance policy for water damage incurred on August 27, 2018, due to an alleged deterioration of the

windows of the subject property. (Doc. 7). In short, Federal seeks documents related to the property, focusing mainly on damage to the property. (Doc. 20, pp. 7-8). And again, the Nobles have not objected to the requests. While the Nobles claim to have searched for documents, Federal had to resort to serving subpoenas on non-parties to obtain documents that the Nobles should have produced. (Doc. 20, pp. 3, -4). Thus, the document production by non-parties supports Federal's claim that the Nobles have not made a reasonably diligent effort to respond to discovery. *See* Middle District Discovery (2021) at Section I.C.4. ("A party responding to a discovery request should make *diligent* effort to provide a response that (i) fairly meets and complies with the discovery request and (ii) imposes no unnecessary burden or expense on the requesting party." (emphasis added)). Consequently, the Nobles are required to make a reasonably diligent effort to produce responsive documents.

The Nobles also claim they do not need to produce documents in response to Federal's informal requests. Their quibble is rejected. Federal's requests all relate to the property at issue and while a document may not have been specifically requested, counsel for the Nobles should have reasonably and naturally interpreted the written requests to include the informal requests as well. *See* Middle District Discovery (2021) at Section III.A.3. ("An attorney receiving a request for documents or a subpoena duces tecum shall reasonably and naturally interpret it, recognizing that

the attorney serving it generally does not have specific knowledge of the documents sought and that the attorney receiving the request or subpoena generally has or can obtain pertinent knowledge from the client.").

Accordingly, the Motion to Compel (Doc. 20) is **GRANTED**. The Nobles must make a reasonably diligent effort to identify and produce all responsive documents by August 16, 2021.

**ORDERED** in Fort Myers, Florida on July 26, 2021.

*[signature]*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE